IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM AGNEW, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:12-cv-2448-cgc |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of | ) | |
| Social Security Commission, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON SENTENCE SIX REMAND**

I. Introduction

Before the Court is the case of *William Agnew, Jr. v. Commissioner of the Social Security Administration.* The matter is before the Court by consent of the parties to the jurisdiction of the magistrate judge pursuant to 28 U.S.C.§ 636(c)(1). The Plaintiff, William Agnew, Jr., filed this action to obtain judicial review of the Defendant Commissioner's final decision denying his application for supplemental security income ("SSI") benefits under Title XVI of the Act, 42 U.S.C. § 1381, *et seq*. Plaintiff's application for benefits was denied initially and upon reconsideration. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on February 9, 2010. (R. at 21-40). On November 15, 2010, the ALJ issued a decision finding that Plaintiff was not disabled. (R. at 24-35). The Appeals Council denied Plaintiff's request for review on April 10, 2012. (R. at 1-6). Thus, the ALJ's decision became the final decision of the Commissioner. Plaintiff subsequently sought judicial review in this

Court.  This Court held a hearing on April 27, 2017, and the Court announced its rulings in open court.  This Order further sets forth the Court's findings and instructions on remand.

## II. Analysis and Instructions on Remand

On appeal, Plaintiff first asserted that the ALJ failed to comply with 20 C.F.R. § 416.927 in assessing the opinions of his psychiatrist, Dr. Morada, and therapist Laura Williams ("Williams"), who Plaintiff claims were treating medical sources but were accorded "no weight." Plaintiff further contends that this was error because "great weight" was given to Dr. Gulbenk and "less weight" to Dr. Juliao, who were state agency consultants.  Upon review, the ALJ followed 20 C.F.R § 416.927 and explained that Dr. Morada and Williams' opinions imposing extreme functional limitations were given "no weight" because they were inconsistent with their own treatment records and were not supported by clinical or laboratory findings.  (*See* R. at 33). Accordingly, the Court concludes that substantial evidence supported the ALJ's findings as to the weight accorded to Dr. Morada and Williams.

Next, Plaintiff contends that the ALJ erred in assessing Plaintiff's credibility.  The Court concluded that the ALJ properly assessed Plaintiff's credibility as to his *physical* limitations as follows: "[a]fter careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment."  (R. at 30).  The Court concluded that the ALJ did not make an explicit credibility finding as to Plaintiff's *mental* limitations, but the ALJ stated that he "will give the claimant the benefit of any possible doubt and find that he is limited to unskilled

work that does not require him to sustain concentration for more than two hours at a time without a break." (R. at 32-33). Accordingly, the Court concluded that substantial evidence supported the ALJ's conclusions as to Plaintiff's credibility on both his physical and mental limitations.

Third, Plaintiff asserts that the ALJ erred in relying on the Medical-Vocational Guidelines (the "Grids"), 20 C.F.R. Part 404, Subpart P, Appendix 2, and Social Security Rulings 85-15 and 95-9p at Step Five. Therein, the ALJ concluded that, "[i]f the claimant had the residual functional capacity to perform the full range of light work, considering the claimant's age, education, and work experience, a finding of 'not disabled' would be directed by Medical-Vocational Rule 202.14." (R. at 34). The ALJ further relied on Social Security Ruling 85-15, which applies only when a claimant has solely non-exertional limitations; yet, the ALJ had already determined in his decision that Plaintiff had both exertional and non-exertional limitations. (*See* R. at 32).

Upon review, this Court concluded that, because Social Security Ruling 85-15 was erroneously the lynchpin of the ALJ's Step Five analysis, this case must be remanded for reconsideration of Step Five. On remand, the ALJ should first clarify the evidentiary support, if any, for the limitation for unskilled work that does not require Plaintiff to sustain concentration for more than two hours at a time without a break. (*See* R. at 31, 32-33).[1] Once the evidentiary support, if any, for the non-exertional limitation is clarified, the ALJ should consider whether the Grids and the Social Security Rulings adequately account for Plaintiff's limitations, both exertional and non-exertional. If they do not, the ALJ should take testimony as appropriate from a vocational expert to complete the Step Five analysis. Such testimony, if needed, would satisfy

---

[1] The Court notes that, if the ALJ on remand concludes that there is no support for any non-exertional limitations, then Social Security Ruling 85-15 may be used in the analysis on remand.

Sentence Six of Section 405(g), in that it would be new, material, and there would be good cause for failure to incorporate it into the record in the prior proceeding.

### III. Conclusion

Accordingly, for the reasons set forth herein, this case is REMANDED pursuant to Sentence Six of 42 U.S.C § 405(g) for reconsideration of the non-exertional limitations at Step Four, for reconsideration of Step Five, and for the taking of vocation expert testimony, if necessary. In accordance with Section 405(g), once the additional proceedings have been completed, the Commissioner should "file with the court any . . . additional and modified findings of fact and decision, and a transcript of the additional record and testimony." During the remand proceedings, this Court will retain jurisdiction in this matter. However, the Clerk is directed to close the case for statistical purposes.

IT IS SO ORDERED this 11th day of May, 2017.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE